# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO ARZOLA,<br>    Plaintiff,<br><br>            v.<br><br>AT&T MOBILITY SERVICES LLC, et al.,<br>    Defendants. | CV 19-7578 DSF (SSx)<br><br>Order GRANTING Leave to Amend and REMANDING Case to State Court |

    Defendant AT&T Mobility Services, LLC removed this case from state court on the basis of diversity despite the presence of potentially non-diverse defendant Betty Gonzalez. Gonzalez was alleged to have been a supervisor with AT&T who harassed Plaintiff because of his disability. AT&T claimed not to have an employee by the name of Betty Gonzalez and further argued that she would be a sham defendant in any case.

    In response to a motion to dismiss, Plaintiff Alejandro Arzola purported to file an amended complaint as of right under Federal Rule of Civil Procedure 15(a)(1). The amended complaint corrects the name of the individual defendant to Betty Gomez and adds somewhat more detail to the harassment claim against her.

    AT&T argues that "post-removal amendments are not allowed to defeat jurisdiction previously acquired at the time of removal." This is incorrect. Whether a district court should allow the addition of a party that would destroy jurisdiction is governed by 28 U.S.C. § 1447(e):

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

28 U.S.C. § 1447(e).

But it is not clear that § 1447(e) applies, as Plaintiff clearly intended to have joined the non-diverse defendant prior to removal – he simply got the name wrong. Even if § 1447(e) does apply, the Court would allow joinder. If the non-diverse defendant were not properly joined prior to removal, Plaintiff intended to have joined her and there is no reason to refuse Plaintiff the ability to correct his naming mistake.

The non-diverse defendant is not fraudulently joined. AT&T conflates the fraudulent joinder and Rule 12(b)(6) standards but "the test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent." Grancare, LLC v. Thrower, 889 F.3d 543, 549 (9th Cir. 2018). In evaluating a claim of fraudulent joinder, "a federal court must find that a defendant was properly joined and remand the case to state court if there is a '*possibility* that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants.'" Id. (quoting Hunter v. Philip Morris USA, 582 F.3d 1039, 1044 (9th Cir. 2009)) (emphasis in original). In this inquiry, "the district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." Id. at 550.

There is a clear possibility that Plaintiff can state a claim for harassment against the non-diverse individual defendant, if he hasn't already, depending on the details of her alleged actions. Therefore, she is not fraudulently joined.

Leave to amend is GRANTED. The case is REMANDED to the Superior Court of California, County of Los Angeles.

IT IS SO ORDERED.


Date: September 26, 2019

_____
Dale S. Fischer
United States District Judge